

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00C 1418 | **DATE** | 2/7/2002 |
| **CASE TITLE** | Heartland Direct, Inc. Vs. UNUM Life Ins Co. of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motions are denied. Status hearing set for February 21, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | FEB 0 8 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |

WAH | courtroom deputy's initials

U.S. DISTRICT COURT
CLERK
02 FEB -7 PM 4: 27
FILED-10
Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

**Document Number**

32

HEARTLAND DIRECT, INC.,
an Illinois corporation,

    Plaintiff,

    vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, a corporation,

    Defendant.

No. 00 C 1418

**DOCKETED**

FEB 0 8 2002

## MEMORANDUM OPINION AND ORDER

Heartland Direct, Inc. (Heartland) has sued Unum Life Insurance Company (Unum) for breach of contract. Unum now moves for summary judgment and to strike specific paragraphs of the affidavit of Heartland's president, Charles A. Rey. Further, Unum moves the court to deem as admitted its statement of material facts and/or strike and disregard specific paragraphs of Heartland's response to Unum's statement of material facts and certain paragraphs of Heartland's statement of additional facts. For the following reasons, defendant's motions are denied.

## BACKGROUND

Heartland markets services for various insurance companies by arranging for the mailing of advertisements to credit card consumers, either as part of their credit card statement or as a separate piece of mail. Unum is an insurance company who contracted for Heartland's services. In January 1999, Heartland and Unum entered into a written service contract that covered January 1, 1999 to December 31, 1999 (January contract). The January

32

contract states that Heartland would act as an independent contractor and provide marketing and advertising direct mail services. In exchange, Unum would pay "undisputed amounts to Service Provider as follows: per agreement." The contract also provides that it represents the entire agreement between the parties and that any amendment to the contract had to be signed by both parties.

Heartland claims that Unum breached the January contract by cancelling it and refusing to pay Heartland for agreed-upon services. Heartland asserts that throughout 1999, Unum negotiated and agreed orally or in writings to specific services, making Unum liable under the per-agreement provision of the January contract. Unum acknowledges that there are a few letters that could be considered negotiations pursuant to the "per agreement" provision of the contract but that no agreements for services were ever reached with respect to the services claimed.

## DISCUSSION

### Motions to Strike

Before reaching Unum's motion for summary judgment, we address its motions regarding the adequacy of Heartland's affidavit and factual responses. Unum moves to strike significant portions of the affidavit of Heartland president Charles Rey (Rey) for a variety of reasons, including that the contested paragraphs contain irrelevant material, legal conclusions, inadmissible hearsay, unsupported opinions, and speculations. Federal Rule of Civil Procedure 56(e) requires that affidavits be made on personal knowledge and should include facts admissible in evidence; also, that the affiant is competent to testify to the matters therein stated. The affidavit of Rey meets those requirements, and its exhibits provide sufficient facts

that could be admissible in evidence. Rey states that his opinions are based on personal knowledge and that he is competent to testify. Any conclusions about industry custom in his affidavit are adequately supported by his background and personal knowledge. To the extent that statements in Rey's affidavit are legal conclusions, we disregard them in our consideration of summary judgment.

Unum also moves to deem as admitted its statement of facts. It asserts that Heartland did not adequately cite the summary judgment record in its responses and its additional statement of facts. Under Local Rule 56.1(b)(3), someone opposing summary judgment must cite to the affidavits, parts of the record, and other materials relied upon in its contrary responses, as well as in its own statement of facts. Heartland's denials and facts adequately cite the record, either by referring to the record cited by Unum or referring to portions of the January contract. Unum also contends that within many of Heartland's responses and additional statement of facts, Heartland makes unsupported arguments that include legal conclusions. Heartland does add unnecessary arguments, and we will disregard any legal conclusions or any arguments made without support from the record in our consideration of summary judgment.

## Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986). In considering a motion for summary judgment we construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in favor of that party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). A genuine issue of material fact exists if there is sufficient evidence for a reasonable fact-finder to decide the issue in favor of the non-moving party on the particular issue. <u>Eiland v. Trinity Hosp.</u>, 150 F.3d 747, 750 (7th Cir. 1998). In responding to a motion for summary judgment, a party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Unum moves for summary judgment arguing that the January contract attached to Heartland's complaint is binding and its terms are undisputed. Unum asserts that any alleged agreements made outside of the written document should be disregarded as a matter of law. While Heartland agrees that the January contract is binding, it argues that pursuant to the contract the parties could and did make subsequent oral and written agreements that are part of the contract and are enforceable. The parties agree that South Carolina contract law applies.

As a general rule, contracts should be construed by the court. <u>Soil Remediation Co. v. Nu-Way Environmental, Inc.</u>, 324 S.C. 231, 234, 482 S.E.2d 554, 555 (S.C. 1997). The intentions of the parties are found in the contract's language, and the court should enforce the contract's terms. <u>Koontz v. Thomas</u>, 333 S.C. 702, 511 S.E.2d 407 (S.C.Ct.App. 1999). The court's role changes, however, if there are any ambiguous terms. If a contract is capable of more than one construction, the parties' intent should be determined by a trier of fact. <u>Soil Remediation</u>, 325 S.C. at 234.

The parties disagree as to whether the January contract contains ambiguous terms. A contract is ambiguous if it can be understood in more ways than just one, or is unclear because

it expresses its purpose in an indefinite manner. <u>Koontz</u> 333 S.C. at 709. In the contract between Unum and Heartland, the parties agreed that Unum would pay Heartland "per agreement." While the January contract does not provide how the specific payment agreements would be reached or whether the agreements would have to conform to certain formalities, the intentions of the parties is clear. They intended to make future agreements regarding which services Unum wanted and was willing to pay for. Accordingly, evidence of the parties dealings that occurred prior to or contemporaneously with the execution of the January contract is barred to the extent that it is being offered to contradict, vary or explain the written contract. *See* <u>Gilliland v. Elmwood Properties</u>, 301 S.C. 295, 391 S.E.2d 577 (S.C. 1990).

Unum will be liable only if the parties, pursuant to the January contract, entered into agreements for specific payment for specific services. Those agreements must meet contract requirements, including a showing of mutual assent. <u>Bishop Realty and Rentals, Inc. v. Perk, Inc.</u>, 292 S.C.182, 185, 355 S.E.2d 298, 300 (Ct.App.S.C. 1987). An oral agreement can modify a written contract, however, even if the contract expressly states that any changes must be made in writing. <u>Koontz</u>, 333 S.C. at 710, and, moreover, any subsequent agreement is an implementation rather than a modification of the contract.

In considering summary judgment we look to see if Heartland has offered sufficient evidence of Unum's assent to pay for services made after the signing of the January contract. To the extent that it aids in determining whether Unum agreed to pay for services, we will also take into account prior and subsequent dealings between the parties as evidence of industry custom. While evidence of industry custom is usually offered to show a party's intent in an

ambiguous contract, it may also be considered in determining what express stipulations parties made. *See generally* <u>Distillers Distributing Corp. v. Sherwood Distilling Co.</u>, 180 F.2d 800, 805 (4th Cir. 1950).

Heartland is claiming damages relating to two types of services: placement fees and insert fees. Placement fees relate to the reservation of a mailing slot within a credit card issuer's billing statement, and insert fees correspond to the actual number of mailings that went out. Heartland has provided three invoices for allegedly unpaid services: a March 27, 1999, invoice for six insertions and two placement fees for Texaco and Shell (March invoice); an April 20, 1999, invoice for two insertions with Ultramar Diamond Shamrock (April invoice); and a June 8, 1999, invoice for eight placement fees for Wards, Sun and Ultramar Diamond Shamrock (June invoice).

Heartland submits two letters written in March 1999 to support its claims under the March invoice. The first letter is from Heartland asking for authorization for a mailing, and the second letter is Unum's authorization. Unum argues that since there is no reference to a specific number of mailings in its March letter, there was no meeting of the minds on a material term and therefore no modification. There is enough evidence in the depositions and affidavit, however, to show a genuine issue regarding whether Unum's letter represents a promise to pay for the services in the March invoice.

Unum contests the possibility of a finding of mutual assent in regards to the April and May invoices on stronger grounds. There is no evidence in the summary judgment record that Unum provided any written authorization for any of the services in either invoice. Unum has also provided various of its letters assenting to other mailings arranged during 1999 pursuant

to the January contract -- mailings that are uncontested in this suit. The evidence that Heartland does provide comes almost exclusively from Rey's affidavit, which provides only general allegations of oral agreements between the parties regarding the services invoiced. The only specific reference to oral assent to services comes in a May 18, 1999, letter to Unum in which Rey writes that he had been instructed on March 30, 1999, to place as many programs for Unum for as many months as possible. In the deposition of the former vice-president of Unum, Harold Cochran (Cochran), he states that he would give both oral and written consent to Rey to set up mailings, but that he could not remember any specific communications. Drawing all reasonable inferences in Heartland's favor, we find there is sufficient evidence to show a genuine issue regarding whether Unum orally assented to the services in the April and June invoices.

Unum contends that even if we find a genuine issue regarding its assent to services, there can be no recovery since the disputed mailings never took place. In order to recover for breach of a contract for services, Heartland must show that at the appropriate time it was ready, able and willing to perform the promised services. Swinton Creek Nursery v. Edisto Farm Credit, ACA, 326 S.C. 426, 439, 483 S.E.2d 789, 796 (Ct.App.S.C. 1997) *aff'd in part, rev'd in part on other grounds* 334 S.C. 469, 514 S.E.2d 126 (S.C. 1999). Heartland responds that it was not able to complete its obligation only because Unum did not provide the inserts for the mailings. Additionally, before any mailing was scheduled to take place, Unum allegedly informed Heartland that it no longer had a budget for the mailings and that Heartland should cancel all mailings. At this stage, Heartland has sufficiently shown that it was prepared to meet its obligations. Any mitigation of costs that occurred because of the cancellations can be

considered when and if there is a determination of damages.

Finally, Unum argues that this suit cannot go forward because Heartland is attempting to change its cause of action, and that this change in position is barred by promissory estoppel and federal common law mend-the-hold doctrine. It contends that Heartland is judicially estopped from arguing in its response brief that the January contract is incomplete. Heartland attached the written January contract to its verified complaint, and Unum argues it is inconsistent for Heartland to now argue that there was more to the contract than what was first provided in the complaint exhibits. This argument fails. Heartland's position has not changed; it is still claiming breach of the January contract attached to its complaint, specifically, damages relating to the services outlined in the three invoices also attached to the complaint. Its response brief, arguing ambiguity and alternatively modification, does not rise to the level of an inconsistent position that is part of an intentional effort to mislead the court. See Quinn v. The Sharon Corp., 343 S.C. 411, 422, 540 S.E.2d 474, 480 (2000).

## CONCLUSION

For the above reasons, Unum's motion for summary judgment is denied. Unum's motion to strike specific paragraphs of the affidavit of Charles A. Rey is denied, and its motion to deem as admitted its statement of material facts and/or strike and disregard specific paragraphs of Heartland's response to its statement of material facts, and certain paragraphs of Heartland's statement of additional facts, is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 7 , 2002.